```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:13-00321

LUCAS R. LYNCH

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On September 7, and September 15, 2022, the United States of America appeared by Nowles H. Heinrich, Assistant United States Attorney, and the defendant, Lucas R. Lynch, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for hearing on a petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson. The defendant commenced a twenty-two (22) month term of supervised release in this action on February 3, 2022, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on October 28, 2021.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel; and the court, based on findings made by the court on the record of the hearing, which findings are incorporated herein by reference, found that neither the violation of felony strangulation nor assault by the defendant of Mika Crace was proven by a preponderance of the evidence.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on February 15, 2022, the defendant was instructed by the probation officer to refrain from having any contact with Mika Crace based on their tumultuous history with each other and a similar condition that he have no contact with her that is contained in a state criminal bail agreement related to a charged misdemeanor and signed by him on August 6, 2021, the violation of which bond is a misdemeanor pursuant to W. Va. Code § 48-27-903(a), and which instruction by the probation officer was in furtherance of assuring that the defendant not violate the condition of his supervised release

2

that he "not commit another federal, state, or local crime," which condition he violated on March 9, 2022, when he was in Mika Crace's residence, and the defendant thereby failed to follow the instructions of his probation officer when he was in contact with Mika Crace on the March 9, 2022, date; (2) on February 3, 2022, the defendant was instructed to report to the probation office on February 8, 2022, and the defendant failed to report as instructed; and (3) on February 15, 2022, the defendant was instructed to participate in random urinalysis at a rate of two urine screens per month and he failed to report for a urine screen as directed on February 16 and again on February 17, 2022; and all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal

Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TEN (10) MONTHS, with credit for time served to be followed by ONE (1) YEAR of supervised release, upon the same terms and conditions as heretofore, except that the Dismas Charities requirement is not included, and with the added condition that under no circumstances is the defendant to have any contact with Mika Crace, and which includes no physical, electronic, or social media contact.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 21, 2022

John T. Copenhaver, Jr.
Senior United States District Judge